11 U.S. 434
 7 Cranch 434
 3 L.Ed. 396
 SMITH AND BUCHANAN
v.
THE DELAWARE INSURANCE COMPANY.
 March 9, 1813
 
 1
 Absent. WASHINGTON, J. and TODD, J.
 
 
 2
 ERROR to the Circuit Court for the district of Maryland, in an action of covenant on a policy of insurance.
 
 
 3
 The jury found a verdict 'for the Defendants, subject to the opinion of the Court on the points reserved.' And judgment was thereupon rendered 'for the Defendants accordingly.'
 
 
 4
 The Plaintiffs, by their counsel, moved the Court below that the points reserved (which the motion states, without stating the facts out of which they arose) and the opinion of the Court upon those points, should be entered on the record.
 
 
 5
 The Court did not act on this motion; and, of course, the points do not appear, so as to enable this Court to take notice of them.
 
 
 6
 The Defendants (it was said) would not agree to any arrangement by which the legal merits of the cause, as they appeared below, might come into discussion here.
 
 
 7
 PINKNEY, Attorney General, for Plaintiffs in error,
 
 
 8
 Contended that the verdict was imperfect, contradictory and void; and did not warrant the judgment pronounced upon it, nor any other judgment. 23 Vin. 397, pl. 10. It is neither a general nor a special verdict.
 
 
 9
 HARPER, contra,
 
 
 10
 Admitted that it was in form an irregular proceeding, but he was instructed to insist on the judgment.
 
 
 11
 It is a general verdict for the Defendants: and by consent of parties it was referred to the Court; and if they should be of opinion that the verdict should not stand, they were to award a venire de novo. It was the negligence of the Plaintiffs in not having the facts, or the points and consent, stated on the record.
 
 
 12
 It is evident that what was done was by consent. The Plaintiffs do not appear to have wished to bring the case here; but were at the time contented to rely on the opinion of the Court below.
 
 
 13
 MARSHALL, Ch. J.
 
 
 14
 The case is too plain for argument. The jury did not intend to find a general verdict; but to submit the points of law to the Court. If the law had been for the Plaintiffs the Court could only have awarded a venire de novo. The facts ought to have appeared, so that the judgment might have been either reversed or affirmed upon the merits.
 
 
 15
 Judgment reversed, and a new trial awarded.