Per Curiam.
As to the first point, the defendant has no cause of complaint. He might have submitted all questions of fact to the jury, at the trial, if he had been disposed to do so, and there was no attempt to influence him to the contrary. By putting the whole question to the court, he took no higher risk than the plaintiffs did, and can have no greater rights. If the opinion of the court had been adverse to the plaintiffs, upon the question of fraud, whether in fact or inlaw, or upon any of the other questions presented by the case, their judgment would have been final. The plaintiffs could not have moved again in the matter, but would have been concluded by their own acts. The defendant’s rights in these particulars are the same with the plaintiffs, and he has concluded himself, by voluntarily putting all questions of fact, as well as law, to the court. There can be no new trial upon this ground, without manifest injustice to the plaintiffs, and the defendant cannot be permitted now to receive a favor, which the plaintiffs could not have claimed if the judgment had been for the defendant.
Secondly. A case can never be turned into a bill of exceptions, or special verdict, unless the right to do so, is reserved at the trial. In practice, we do not require the party to take formal exceptions at the trial; it will be sufficient if he make his objections informally. But if he wishes to bring a writ of error, it must appear upon the face of the case, that he has reserved the right to do so, either in the shape of a special verdict; or a bill of exceptions. The case of Woolsey v. Camp, (3 Cow. R. 358,) shows such to be the practice of the Supreme Court, and it is expedient that the same course should be adopted here.

Motion denied on both points.

[W. H. Harrison, Att’y for the plffs. E. Barnes, Att'y for the def’t.]