OLIVER PORTER, Respondent, *v.* NATHAN KNAPP, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

It is admissible, as a defence to an action on a note, to show that it was given for the loan of moneys obtained on a sale of stolen government bonds.

Proof of this defence casts upon the holder the onus of showing himself a *bona fide* owner.

APPEAL from judgment entered on verdict in favor of the plaintiff.

The case was tried at the Cortland County Circuit in April, 1870, before one of the justices of this court and a jury.

The action was brought upon a promissory note dated September 27, 1869, made by the defendant for the sum of $150, payable to William E. Warner or bearer on the first day of April, 1870, with interest. It was claimed that the note had never been transferred to the plaintiff by Warner, but belonged to one Elizabeth S. Newton. The defendant also interposed as a defence that the note had been given for money which was received as part of the proceeds of bonds to the amount of $14,000, which were stolen from Elizabeth S. Newton, and offered to prove the defence as set up in one of the answers and particularly stated in the opinion, which offer was rejected by the court and an exception taken to the ruling. Some other exceptions were taken, but they are not material to the disposition of the case.

The case was submitted to the jury upon the single question whether the note was transferred to the plaintiff for a sufficient consideration. Upon this question there was considerable conflicting evidence. The jury found in favor of the plaintiff for the amount of the note and interest. A bill of exceptions was made and settled, judgment entered upon the verdict, and the defendant appealed.

Porter *v.* Knapp.

*M. M. Waters*, for the appellant.

*C. Porter*, for the respondent.

Present—MILLER, P. J.; POTTER and BALCOM, JJ.

By the Court—MILLER, P. J.   This action was brought to recover the amount of a promissory note which the plaintiff claimed to hold as a *bona fide* holder, which the testimony shows was transferred to the plaintiff for services as an attorney in the defence of William E. Warner, who was at the time of the transfer charged with, and subsequently indicted for, a criminal offence.   The services were performed mainly, if not entirely, after the transfer of the note, which was made on the 20th of January, 1870.

Upon the trial of the action, after the plaintiff had rested, the defendant offered to prove the facts set forth in the fourth division of his answer, which avers that Elizabeth S. Newton was the owner and holder of United States bonds of great value; that the same were stolen from her and sold; that a portion of the avails of said bonds so sold came to the possession of the payee of said note, William E. Warner, and that the note was given for a portion of said money loaned by the payee in said note to the defendant; that the payee fraudulently concealed the fact from the defendant that the moneys so loaned were the avails of said stolen bonds, and fraudulently induced the defendant to believe that the money belonged to the payee; and relying upon this, he was induced to give the note in question; that after the making of the note in suit, the defendant was notified by Elizabeth S. Newton of the facts aforesaid, and forbidden to pay the same to the said Warner; and that the said Elizabeth S. Newton, also, before the commencement of this action, commenced an action in the Supreme Court against the plaintiff in this action and others; and in that action obtained an injunction, forbidding the plaintiff in this action from collecting, selling or transferring the note sued on in this action, and notified the

defendant of the ownership of the note. and of the proceedings in the action.

As the case stood at the close of the plaintiff's testimony, the evidence showed *prima facie* that he was a *bona fide* holder of the note in question, and as such entitled to recover. I think the proof that the money for which the note was given was stolen, would cast upon the plaintiff the burden of establishing that he actually was a *bona fide* holder, independently of the presumption arising from the fact that he had the note in his possession.

In *The First National Bank of Cortland* v. *Green* (43 N. Y., 298), it was held that a party suing upon a negotiable note purchased before maturity, is presumed, in the first instance, to be a *bona fide* holder.   But where the maker has shown that this note was obtained from him under duress, or that he was defrauded of it, the plaintiff will then be required to show under what circumstances and for what value he became the holder.

The reason for this rule is said to be that, " where there is fraud the presumption is that he who is guilty will part with the note for the purpose of enabling some third party to recover upon it ; and such presumption operates against the holder, and it devolves upon him to show that he gave value for it."

Now, applying this principle to the case at bar, it would appear, upon the proof of fraud being given, that the plaintiff held a note which had been given for the avails of stolen property, without any evidence as to the manner in which it came into his hands, or that he paid value for it ; and under such circumstances I think he would be called upon to show how he came into the possession of the note.   It seems to me it would be, at least, a reasonable ground for a presumption that he had paid no value, inasmuch as it was given for property feloniously obtained, which we have held in *Maston* v. *Porter* * at this term, could be pursued and taken wherever it

* Reported, 5 Lansing, 416.

might be found, and the avails appropriated by the actual owner.

It follows that the court erred in excluding the evidence offered.

Other questions are raised by the defendant's counsel, but they were not, I think, sufficiently presented to the court upon the trial, and, therefore, are not available.   But this is not important, as for the errors stated, the judgment must be reversed and a new trial granted, with costs to abide the event.

Judgment reversed.