The only point presented for the consideration of this court is, that the plaintiff failed to prove that it was a bona fide
holder for value of the note upon which the action was brought. The possession of the note was sufficient prima facie to establish this, but when it was proved that the note was given without consideration, and fraudulently put in circulation, it was incumbent upon the plaintiff to prove the fact. (45 N.Y., 762.) It was sought to prove the fact by the president and discount clerk, but these officials did not occupy their respective positions at the time the note was discounted, and, could not, therefore, speak from personal knowledge as to some of the facts. Their evidence proved that the note was in the possession of the bank before maturity, that the usual course of business upon discounting a note was for the discount clerk to draw a check upon the president for the amount of the note, less the discount, and for the president and person procuring the discount to indorse it. Such a check was produced bearing even date with the note for $792. If this check had corresponded with the amount of the note ($500), less the discount, the evidence might have been sufficient to prove the discount, but being for a larger amount it required further proof to show that the avails of this note were included in it. As the officers of the bank could not speak from personal knowledge, it was necessary to resort to the entries made by the discount clerk. These could only be proved by the clerk making them, as it appeared he was alive and within the State. This rule of authenticating entries of this character has never been *Page 442 
departed from in this State. (4 Seld., 170; 2 Hill, 531, 537.) It is true that the entries were not formally introduced in evidence, but the witnesses were allowed to state substantially what they were, and the evidence derived from them was effective to prove the fact. The president and clerk stated that this note and a note for $300 were discounted, and that the check of $792 was given for the avails, and the amount paid by the bank, but they made the statement from the entries and papers and not from personal knowledge, and this use of the entries without proper verification was error. The rule is a wise one, and we are not at liberty to overlook a departure from it, even if its application is unimportant in this case. The precedent would be injurious.
As the General Term gave no opinion we are not advised upon what ground that court affirmed the judgment.
The judgment must be reversed and a new trial granted, costs to abide the event.
All concur.
Judgment reversed.