Oney Sayles, Appellant, *v.* Edward Sims, Respondent.

A case stated that the trial court directed a verdict for plaintiff and reserved the cause for further consideration; that plaintiff's counsel moved at Special Term for judgment on the verdict, and defendant's counsel moved for judgment in his favor on the evidence, which last motion was granted. In the minutes and opinion it was stated that the verdict was ordered subject to the opinion of the court. There were exceptions to evidence, and a material fact was not found or admitted. *Held*, that the case was not one for a verdict subject to the opinion of the court, and a verdict so taken is subject to the opinion of General Term; that as no exception was taken to the manner of disposing of the case, it was to be inferred that the parties intended that the court should determine the whole issue, and that the proceedings might be regarded as a motion for a new trial on the

minutes, the parties consenting that judgment should be ordered abso-
lutely, and a new trial waived.

Where a joint and several promissory note is signed by three persons as
makers to the signature of the last signer, the word "surety" being
added, the presumption is that he is surety for the other two; this pre-
sumption, however, is not conclusive; it may be shown that he was in
fact surety for only one, and that the other signer was also surety.

A joint and several promissory note executed by B. and by plaintiff was
indorsed by defendant and then negotiated, subsequently at the request
of the maker, and without knowledge that plaintiff was surety for B.,
defendant signed the note as maker, adding to his signature the word
"surety." Plaintiff paid the note and brought this action for contribu-
tion, claiming that the parties were in fact co-sureties for B. *Held*, that
it appeared both by the circumstances and the words of the contract that
defendant intended to limit his liability to that of surety for both the
other makers, and that the action was not maintainable.

(Argued April 19, 1878; decided May 21, 1878.)

APPEAL from judgment of the General Term of the
Supreme Court, in the fourth judicial department, affirming
a judgment in favor of defendant.

This action was for contribution, the complaint alleging
that the parties signed a promissory note as sureties for
another, which note plaintiff had paid.

It appeared that a joint and several promissory note was
signed by one Brown Sayles and by plaintiff, the latter in
fact signed as surety for the former; there was nothing upon
the note however to indicate this. Defendant thereafter
indorsed the note and it was delivered to the payee who
advanced thereon to Brown Sayles the face of the note; a
short time thereafter, at the request of the payee, defendant
signed the note as maker after plaintiff's signature, adding to
his signature the word "surety." Defendant offered to
show on the trial that he was not notified, and did not know
that plaintiff was surety. This was objected to as immaterial;
objection sustained and defendant's counsel duly excepted.

The proceedings at the close of the trial are stated in the
case, as follows:

"The evidence here closed and the plaintiff's counsel asked
the court to direct a verdict for the plaintiff. The defend-

ant's counsel asked the court to nonsuit the plaintiff, on the grounds: First. There is no competent evidence in the case to show the defendant liable to the plaintiff. Second. There is no consideration shown for the defendant signing the note as surety. Third. The plaintiff is estopped by his own acts from claiming that he signed in any other capacity than as principal maker. Defendant's counsel also asked to go to the jury, on the ground that there was a question of fact whether the plaintiff was interested in the note as joint maker. The court denied the motion for nonsuit, and also the motion to go to the jury on the question proposed by the defendant's counsel, and the defendant's counsel excepted. The court then ordered a verdict for the plaintiff, and reserved the cause for further consideration, and after the jury was discharged the plaintiff's counsel moved for judgment on the verdict, and the defendant's counsel moved for judgment in his favor on the evidence. After hearing the arguments of the respective counsel, and due deliberation, the court ordered judgment for the defendant. To which order the plaintiff's counsel duly excepted."

In the judgment and in the opinion it was stated that a verdict was ordered subject to the opinion of the court. Further facts appear in the opinion.

*Dan'l Pratt,* for appellant. Co-sureties are liable for contribution as between themselves, whether they become obligated by the same or different instruments, or at the same or different times. (*Norton* v. *Norton,* 3 Den., 130; 2 Seld., 33; *Craythorne* v. *Swinburn,* 14 Ves., 169; DeColyar on Prin. & Sur., 342, 343.) This liability is not based upon the ground of contract, but upon the equitable doctrine that equality is equity. (DeColyar on Prin. & Sur., 339, 341; *Dering* v. *Nicholson,* 2 B. & P., 270; 2 Seld., 33, 39; 66 N. Y., 255; 3 Den., 130.) The fact that plaintiff did not sign " surety " opposite his name on the note raises no legal presumption that he was principal debtor. (*Sisson* v. *Barrett,* 2 N. Y., 406; *McNaught* v. *McClaughy,* 42 id., 22.)

*W. E. Lansing,* for respondent. The signing by defendant · as surety, being without consideration was a *nudum factum,* and void. (Pars. Merc. Law, 66; *Leonard* v. *Vredenburgh,* 8 J. R., 30; *Smith* v. *Ware,* 13 id., 257; *Ehle* v. *Judson,* 24 Wend., 98; *Lawrence* v. *Smith,* 27 How., 335; 1 Sandf., 14 ; 24 Me., 177 ; 8 Cush., 85 ; 42 N. Y., 22.) Defendant having signed the note as surety, when presented to him with the names of plaintiff and the makers on it, and there being no evidence that defendant had notice that plaintiff was a surety, he was estopped from claiming he was surety merely. (*Hope* v. *Lawrence,* 50 Barb., 258; *Pope* v. *O'Hara,* 48 N. Y., 446; *Erie Co. Bk.* v. *Sherwood,* id., 293; 2 Daniels on Neg. Inst., 310; *Lois* v. *Manly,* 41 Me., 127; *Sisson* v. *Barrett,* 2 N. Y., 408.) Equity does not require contribution in this case. (66 N. Y., 255.) Parol evidence was proper to show the relations between the sureties. (*Barry* v. *Ransom,* 12 N. Y., 463.)

Church, Ch. J. The Special Term ordered judgment for the defendant on the ground of a want of consideration for the defendant's contract as surety, and that it was invalid. If the second signing as surety was intended as a substitution for the contract of indorsement before made, that would furnish a sufficient consideration ; but if the contract of indorsement was intended to remain, the subsequent signing as surety was without consideration, and the position of the General Term may be sustained. The case was disposed of at the circuit in a somewhat unusual manner. The case states that the court directed a verdict for the plaintiff, and reserved the cause for further consideration ; that the plaintiff's counsel moved for judgment on the verdict, and the defendant's counsel moved for judgment in his favor on the evidence ; that after argument and due deliberation the court ordered judgment for the defendant. In the minutes and in the opinion it is stated that the verdict was ordered subject to the opinion of the court. It was not a case for a verdict subject to the opinion of the court, because there were excep-

tions to evidence, and because the vital fact upon which the decision rests, viz., whether the second signing was intended as a substitution for the indorsement was not found or admitted, and besides a verdict so taken is subject to the opinion of the General Term. The proceeding may be regarded as a motion for a new trial upon the minutes, assuming that the parties consented that judgment should be ordered absolutely, and a new trial waived. As no exception was taken to the manner of disposing of the case, and no request made to submit any question to the jury, it is fair to infer that the parties intended that the judge should determine the whole issue, and render judgment accordingly. The judge found from the fact that the indorsement was not erased, that the second signing was not intended to be substituted as the contract between the parties, and hence that it was without consideration. Without questioning the correctness of the finding and conclusion of the learned judge, I think the judgment may be sustained upon the construction of the contract of suretyship, assuming that such contract was designed by the parties as a substitution for the contract of indorsement, and was therefore valid. It is conceded that the defendant was a surety, and the only question is who he was surety for. The note was brought to him signed by Brown Sayles and the plaintiff. The note was joint and several, and they appeared as joint makers on the note. The defendant indorsed the note in the first place, and as thus indorsed it was negotiated. In that position he was not a co-surety with the plaintiff, and if he had paid the note the plaintiff would have been liable to him for the full amount. It does not appear that he knew that the plaintiff was surety for Brown Sayles. He offered to prove that he did not know it, which was rejected. The plaintiff appeared on the note as principal, and the defendant regarded him as such, and assumed a contingent liability as surety for him as well as Brown Sayles, the other maker. When he changed the form of his contract he added the words "surety" to his name, and in view of the circumstances it is unreasonable to infer

that he intended to change his legal relations to the plaintiff. Adding the word "surety" is indicative of a contrary intent, and I think his contract should be construed the same as if he had added "surety for the above names." The case would then be precisely within the principle of *Harris* v. *Warner* (13 Wend., 400). The plaintiff charges that the defendant was a co-surety with him, and he must show affirmatively that the defendant has placed himself in that relation. Nelson, J., in that case, said: "The defendant had a right to qualify his contract as he pleased, consistent with the rules of law." The word "surety" attached to defendant's name would indicate that he was surety for both the other signers, but it is not conclusive. It might be shown that he was in fact surety for only one, and that the other signer was also surety for the same one. This would show that they occupied the same relation to the principal, and hence were bound by the maxim that "equality is equity." (*Wells* v. *Miller*, 66 N. Y., 255; *Norton* v. *Coons*, 2 Seld., 40.) But here the circumstances fairly show that the defendant intended to limit his liability by becoming surety for both, and the terms of the contract indicate a like intent. (*Sisson* v. *Barret*, 2 Comstk., 406.)

The change in the form of the contract did not affect the plaintiff, and should not injure the defendant.

The judgment must be affirmed.

All concur.

Judgment affirmed.