Derham agt. Lee.

## N. Y. SUPERIOR COURT.

SARAH DERHAM, as administratrix, agt. JOHN LEE, surviving partner of the firm of LEE & DOLAN, and JOHN P. SUNDERLAND.

*Practice — Questions of regularity, how and when to be raised — Claim to a right of trial by jury when to be made — Judgment may be for or against any of the parties — Book of a foreign corporation — when evidence — Code of Civil Procedure, sections 521, 929, 930, 931, 1204.*

The plaintiff's intestate in his lifetime having recovered judgment by default against the defendant Lee, and then assigned said judgment to one Sunderland, and subsquently the default being opened, and upon death of plaintiff's intestate an order made reviving the action and directing Sunderland to be brought in as party defendant, and the trial having then proceeded before the referee theretofore appointed, by consent, and judgment given in favor of defendant Sunderland against his codefendant Lee:

*Held,* that the trial having proceeded without objection until the merits of the controversy were determined, no question of irregularity can now be heard, as questions of regularity and practice should be raised by motion, and defendant's claim to a right of trial by jury not having been made before or at the trial, cannot now be listened to.

The referee did not exceed his power in giving to one defendant affirmative relief against his codefendant; sections 521 and 1204 of the Code being sufficient warrant for the decision and judgment.

A copy of an account of defendant's firm as it appeared in the ledger of a foreign corporation, no objection being made for want of proper verification, was properly admitted as presumptive evidence, under sections 929, 930 and 931 of the Code, of the account of work done by the firm for the corporation.

*General Term, January,* 1881.

*Before* SPEIR *and* FREEDMAN, *JJ.*

APPEAL by defendant John Lee from a judgment entered against him on the report of a referee in favor of the defendant John P. Sunderland, as the assignee of the claim in suit.

*Jones, Roosevelt & Carley*, for appellants.

*P. & D. Mitchell*, for respondents.

FREEDMAN, *J.*— This action was commenced June 7, 1872, by Michael Derham, as assignee of William B. Jackson, to recover for services rendered by Jackson to the firm of Lee & Dolan, of which the defendant Lee is the surviving partner. Judgment was entered against defendant, and on December 4, 1874, said judgment was duly assigned to John P. Sunderland. Subsequently, Lee had the default opened, and put in an answer which was a general denial. The issues were referred by consent to a referce to hear and determine the same. During the trial the plaintiff died, and the proceedings became suspended in consequence thereof. On February 25, 1878, an order was made and entered reviving the action and directing that it be prosecuted before the referee by Sarah Derham, as administratrix, &c., of Michael W. Derham, deceased; that she make and serve a supplemental complaint, and that John P. Sunderland be made a party defendant. A supplemental complaint was accordingly made and served, based upon the assigned cause of action. Lee again answered by a general denial. Sunderland by his answer admitted the allegations of the complaint, but claimed to be entitled to judgment thereon against Lee as the real owner of the claim. The trial of the action then proceeded again. The referee found Lee liable upon the cause of action set forth in the complaint; and that Sunderland, as assignee, was entitled to judgment thereon against his codefendant Lee, and judgment was entered accordingly, from which Lee appealed.

The appellant insists that upon the facts stated the only decision which the referee could give, and the only judgment which could be directed or entered, was one dismissing the complaint. This objection was not well taken. The order reviving the action and directing Sunderland to be brought in as a party defendant, and that after the joinder of issue upon

the supplemental pleadings, the trial proceed before the referee theretofore appointed by consent, not having been appealed from, and the trial having proceeded without objection until the merits of the whole controversy were determined, no question of irregularity can be heard on appeal from the first trial.

Questions of regularity and practice should be raised by motion. For the same reason Lee's present claim to a right of trial by jury cannot be listened to, because not made before or at the trial. The only question left, upon this branch of the case, therefore, is one of power; and upon this, sections 521 and 1204 of the Code of Civil Procedure are a sufficient warrant for the decision and judgment. These sections are not to be limited by mere construction to actions of foreclosure, partition and similar actions of a purely equitable character, for the great feature of the Code is, as it was of the prior Code, that but a single form of action is provided for the enforcement of private rights, and that a defendant may set forth in his answer as many defenses or counterclaims, or both, as he has, whether they were such as were formerly denominated legal or equitable. The former requirement that such defenses or counterclaims must not be inconsistent with each other, was stricken from section 507 by the amendment of 1879. So may a defendant claim affirmative relief against a codefendant where by the judgment their ultimate rights, as between themselves, may be determined. Of course the Code prescribes certain limitations within which these rights must be exercised, but among them I can find none which would justify the conclusion that the referee exceeded his power under the circumstances. Nor is there anything in the facts themselves which constitutes a bar to a recovery by Sunderland against Lee. Sunderland became the real owner of the claim after the commencement of the action, and it was perfectly consistent for him to assert in his answer his rights under the cause of action set forth in the complaint both against the plaintiff and the defendant Lee.

Derham agt. Lee.

The appellant also insists that the complaint should have been dismissed for want of sufficient proof and that the report of the referee is against the weight of evidence. After a careful examination of the whole case I have come to the conclusion that the appellant's exceptions upon those points are untenable. There was sufficient evidence, if no error was committed in its reception, to sustain the referee's findings and judgment, and I fully concur in the reasons assigned by the referee in his opinion for his conclusions.

The questions remaining to be considered relate to the admissibility of evidence. Upon this branch of the case it is claimed that the referee erred in admitting in evidence the copy of an account of Lee & Dolan, as it appeared in the ledger of the New Haven, Middletown and Willimantic R. R. Co. The claim in suit was for a commission of William S. Jackson in negotiating a contract between Fields, Spinner & Co., and Lee & Dolan. The commission as found by the referee was two per cent on the amount of moneys which Lee & Dolan should receive or be entitled to on said contract, and the copy of the account was offered to prove the amount of work done by Lee & Dolan on the road, for which they received credit. The exhibit was proved to be a copy of the account of Lee & Dolan for work done by them on the road as it appeared in the ledger of the company.

The counsel for the appellant at the trial waived any objection for want of proper verification, and for not having received proper notice of the intention of the adverse party to use such evidence on the trial as prescribed by section 931 of the Code of Procedure, but objected to it on the ground that it was immaterial and incompetent, for the reason that there was no proof when or by whom the entries are made, or that they were correctly made. The objection was overruled and exception taken. The evidence had an important bearing upon the issue to be determined, and hence was not immaterial. Upon the question of competency the objection in the absence of the preliminary proof insisted upon would be

Derham agt. Lee.

well taken if the issue had been between the railroad company and Lee & Dolan, and the company had offered the copy, or even the ledger itself, as evidence in its favor. In such event the case would have fallen within the principle laid down in *Bank of Monroe* agt. *Credor et al.* (2 *Hill*, 531); *Brewster* agt. *Doane and others* (2 *Hill*, 537); *Burke* agt. *Wolf* (38 *N. Y. Supreme C. R.*, 263); *Ocean National Bank* agt. *Cable* (55 *N. Y.*, 440). But the controversy was between third parties, and the railroad company having been shown to be a foreign corporation, the case fell within the provisions of 929, 930 and 931 of the Code, by which, in such a case, the books of a foreign corporation, or a copy thereof, or a copy of an entry therein, verified in a certain way, are made presumptive evidence for the purpose of proving an act or transaction of the corporation. The legislative intent expressed in this provision is, that in case of the production of an original book the contents of the book should be received as presumptive evidence after preliminary proof of correctness, but that if the original book is not produced, a copy thereof, or a copy of an entry therein may be admitted with the like effect, provided it is verified in a certain way and a certain notice is given. Any objection for want of proper verification or proper notice having been waived, the copy of the account was properly received as presumptive evidence of the account of work done by Lee & Dolan for the company, and for which they have received credit, and the burden of establishing a contrary or different state of facts then rested with the appellant.

There were other objections to the admission of testimony, but they are clearly untenable, and not of sufficient importance to be specially noticed.

The judgment should be affirmed, with costs.