Ingbaham, J.
This action was brought to recover for the conversion of two consolidated second mortgage bonds of the Ohio and Missouri Hailway Company.
It appears that prior to the ninth of January, 1876, the bonds in question were the property and in the possession of the plaintiff, a national bank doing business at Northampton, in the State of Massachusetts, and that on the ninth of January, 1876, plaintiff was robbed of a large amount of property including the bonds in question. That at the time of the robbery, the said bonds were not in default but interest had been regularly paid thereon. That the coupons that became due on the first of October, 1877, were not paid and had *378 not been paid up to the time of the trial. That on the 28th of "April, 1881, defendant purchased the said bonds in the regular course of business at the New York Stock Exchange from Lucien H. Niles, a member of the exchange in good standing, and paid therefor. It does not appear, however, what consideration was paid or whether or not any money was actually paid by defendants for the bonds.
At the close of the testimony, plaintiff requested the court to direct a verdict in favor of the plaintiff ; the defendant also requested the court to direct a verdict for the defendant; neither party requested the court to submit any questions to the jury and the case must be treated as a question of law on the facts proven.
That the bonds in question were negotiable instruments and possessed all the qualities and attributes of such obligations is well settled (Gilpike v. City of Dubuque, 1 Wall. 206; Murray v. Lardner, 2 Wall. 113). It is also well settled that the possession and production of a negotiable instrument is prima facie evidence of title (Mechanics’ and Traders’ Bank v. Crow, 60 N. Y. 87; Murray v. Lardner, above).
Plaintiff, to rebut such presumptions, proved on the trial that the bonds were stolen from the bank in January, 1876. The burden of proof was then changed, and the defendants, to sustain their title to the bonds, were then required to show under what circumstances and for what value they became the holders (1 Daniel Neg. Inst. § 116). In other words, in order to overcome plaintiff’s title, it was necessary for defendants to prove that they purchased the bonds before maturity and paid for them a valuable consideration. As a leading English case on this question says: “ Where a note is proved to have been obtained by fraud that affords a presumption that the person who is guilty will dispose of it, and will place it in the hands of another person *379 to sue upon itsuch presumption operates against the holder, and it devolves upon him to show that he gave value for it (Binby v. Bidwell, 13 M. & W. 73 ; cited and approved in First National Bank v. Green, 43 N. Y. 300 ; Porter v. Knapp, 6 Lans. 127).
If defendants failed to prove that they paid a valuable consideration for the bonds, plaintiff was entitled to a verdict. After a careful examination of the evidence, I have been unable to discover any proof that defendant paid a valuable consideration for the bonds.
The only evidence in relation to the purchase of the bonds by the defendants, is that given by the defendant Morse. He was first called as a witness for the plaintiff and, on his re-direct examination at folio 49, he first speaks of the purchase of the bonds in question. “ That it was in 1881, that we paid for the bonds,” and at folio 50, “We bought these bonds on April 28, 1881.” After plaintiff rested, Morse was recalled ; he again stated that he bought the bonds on the 28th of April, 1881. On cross-examination he said he could not swear that he in person bought the bonds but he knew that the firm purchased them and finally said : “I would swear that we bought these bonds, paid such a price for them and received them on a given day.”
In my opinion this was not evidence that the defendant paid a valuable consideration for the bonds. It would be true if the defendants had taken the bonds for an antecedent debt; they would then have “ purchased” the bonds and paid for them. Yet, it is well settled that such payment, if a consideration, would not overcome plaintiff’s title and make defendants holders for value (Phoenix Insurance Company v. Clark, 81 N. Y. 221).
The court of appeals in the case of First National Bank v. Green (43 N. Y. 300), held that “a plaintiff, suing upon a negotiable note or bill purchased before maturity, is presumed in the first instance to be a dona *380 fide holder. But where the maker has shown that the note'was obtained from him under duress, or that he was defrauded of it, the plaintiff will then be required to show under what circumstances and for what value he became the holder.”
In Ocean National Bank v. Carll (55 N. Y. 440) the point was whether plaintiff had failed to prove he was a dona fide holder of the note upon which the action was brought for value, and the court of appeals reversed a judgment for plaintiff on the ground that the witness who had testified that the note in suit was discontinued and that a check produced was given for the avails, made the statement from books and papers and not from his personal knowledge. In this case the evidence was uncontradicted, that the note was in possession of the plaintiff before maturity, but the court held this was not sufficient. The consideration must be shown.
In Wylie v. Speyer (62 How. Pr. 110) Judge Van Vorst, in an action to recover some coupon bonds stolen from the vaults of the plaintiff, says, “The plaintiff’s title is made out by showing the fact of original ownership and that the property had been stolen. If they reached the hands of dona fide purchasers before maturity through whom the defendants claim, they must show it.”
We think, upon principle and authority, this to be' the true rule. In the case at bar, defendants did not show that they paid any valuable consideration for the bonds, and not having brought themselves within the rule, cannot hold the bonds as against the plaintiff.
Many cases could be cited to sustain this proposition, but we think the foregoing are sufficient.
Defendants claimed on the argument and cited many cases to sustain their contention that the production of the bonds threw the burden of proving that *381 the defendants did not pay a valuable consideration on the plaintiff. We have examined the cases cited, but do not think they are authorities for the defendants.
Defendants also insisted that the court should assume that the plaintiff did not, on the trial, raise the point that defendants had not paid a valuable consideration for the bonds.
It nowhere appears that both court and counsel assumed that defendants were bona fide purchasers for value. But from all that appears it may be assumed that defendants rested their claim, at the trial, as they did on the argument on appeal, on the proposition that the possession of the bonds were presumptive evidence of title in the holder, and the burden of proof was upon the person asserting such title to show he was not such a bona fide holder. This position as before stated we do not consider to be well taken. But in no case cited, did the appellate court assume a fact to exist for the purpose of reversing a judgment and in order to set aside a verdict and direct a verdict for the defendants. It would be necessary for the court to assume in this case that defendants paid a valuable consideration for the bonds in question, of which as before stated, there was no proof.
If defendants purchased the bonds in good faith and paid value for them, there could have been no difficulty in their proving such payment, and having failed to give any evidence which would sustain a verdict in their favor, we think the court below, was right in directing a verdict for the plaintiff.
Where a verdict is ordered, subject to the opinion of the court at general term, the whole case is before the general term on its merits and no new trial can be ordered (Durant v. Abendroth, 69 N. Y. 150).
It follows, therefore, that defendants have failed in *382 their defense, and judgment must be ordered in favor of the plaintiff on the verdict, with costs.
Note on Verdict Subject to the Opinion ot the Court.
At common law the judge could not direct a verdict, subject to the opinion of the court, unless by consent, although where the parties' did consent and the facts were indisputable, the judge might,-' for the purpose of determining questions of law, direct such a verdict. Hyde v. Stone, 9 Cow. 230 ; Ely v. Adams, 19 Johns. 313.
Under the Code of Civil Procedure, which, like the Code of Procedure, authorizes the judge, where, upon trial by jury, the case presents only questions of law, to direct a verdict subject to the opinion of the court,—consent is not requisite.
If there is no conflict of evidence as to the material facts of a case, nor any doubtful inferences to be drawn from them, nor any exception, other than to a decision denying a motion for nonsuit, it is proper to direct a verdict subject to the opinion of the general term* Howell v. Adams, 68 N. Y. 314; affi’g 1 Supm. Ct. (T. & C.) 425.
Such a direction is proper only when all the facts necessary to enable the court to render final judgment are conceded or established beyond controversy. Matson v. Farm Buildings Ins. Co., 73 N. Y. 310; S. C. 29 Am. R. 149; rev’g 9 Hun, 415; Partridge v. Norton, 9 Hun, 582.
Where a case stated that the court directed a verdict for plaintiff and reserved the cause for further consideration; that plaintiff’s counsel moved at special term for judgment on the verdict; and defendant’s counsel moved for judgment on the evidence, which was granted; the minutes and opinion stated that the verdict was ordered subject to the opinion of the court; and there were exceptions to evidence, and a material fact was neither found nor admitted,—held, that the case was not one for verdict subject to the opinion of the court, and verdict so taken was subject to opinion of general term; no exception being taken to the disposition of the case, it was to be inferred that the parties intended the court should determine the whole issue; the proceedings might be regarded as a motion for a new trial on the minutes. Sayles v. Sims, 73 N. Y. 551.
A direction of a verdict for plaintiff, exceptions to be heard in the first instance at general term, if he would stipulate to make and print a case, and upon his failure there that a verdict be entered for defendant,—held, to compound the two remedies by which a trial by jury can be reviewed before judgme nt, and to amount to a mis-trial. Westervelt v. Westervelt, 46 Super. Ct. (J. & S.) 298.
*383 Where a verdict is ordered subject to the opinion of the court, without qualification, exceptions cannot be heard, and the only question before the general term is, which party is entitled to final judgment on the uncontroverted facts. Durant v. Abendroth, 69 N. Y. 148; S. C., 25 Am. R. 158, with note; affi’g 41 Super. Ct. (J. & S.) 53; Fire Department of Whitesboro’ v. Thomson, 16 Hun, 474.
Where both parties consent to direction of a verdict subject to the opinion of the court, it is a waiver of exceptions the existence of which would have rendered such a direction objectionable, and they will be disregarded. Byrnes v. City of Cohoes, 67 N. Y. 204; affi’g 5 Hun, 602. Compare, Code Civ. Pro. § 1185.
So the irregularity may be deemed waived by arguing the question on the merits without reference to the irregularity. Biddlecom v. Newton, 13 Hun, 582.
In case of a verdict subject to the opinion of the court, it is not error for the court to draw the same conclusion from the testimony which the jury would have been authorized to draw. Jackson v. Whitbeck, 6 Cowen, 632; S. C., 16 Am. Dec. 454.
A verdict “ for the defendants, subject to the opinion of the court upon the points reserved,’’ does not authorize an absolute judgment for the defendants, unless the points thereon, and the opinion of the court reserved, are stated on the record. Smith v. Delaware Ins. Co., 7 Cranch, 434.
A special verdict was found by the jury, subject to the opinion of the court on the construction of a deed which was referred to, but not contained, in the verdict. A deed, however, was included in a bill of exceptions taken to the opinion of the - court, on a motion subsequently made for a new trial. Sell, insufficient to enable the supreme court to review the proceedings. They could not know, judicially, that the deed annexed to the bill of exceptions was the same deed which was referred to in the verdict, or what were the other evidences of title which were connected with it. McArthur v. Porter, 1 Pet. 626. Compare Smith v. Hoffman, 2 Cranch C. Ct. 651.
Where a verdict is taken subject to opinion of the court upon a case, the fact that the defeated party supposed that the cause would turn on questions of law, whereas it was decided upon a question of fact, is no ground for granting a new trial. Lewis v. Stevenson, 2 Hall, 248.
By the English practice, a judge, on directing a judgment to be entered according to the legal results of the verdict, may reserve to either party leave to move to set aside the judgment or to vary it. *384 And in such case it is in general agreed that the court, before which the point is argued, shall be in the same situation as the judge was before whom it was originally raised, and shall have power to order a verdict or a nonsuit to be entered, as they may think fit. Smith's Action, 140.