(31 Misc. Rep. 69.)

STRAUSS v. MURRAY, Marshal.

(Supreme Court, Appellate Term. March 16, 1900.)

FRAUDULENT CONVEYANCES—DECLARATIONS OF VENDOR—EVIDENCE.
The admission in evidence against the vendee of declarations of the vendor that the sale was fraudulent, made subsequent to the conveyance, and in the absence of the vendee, constituted reversible error.

Appeal from city court of New York, general term.

Action by Emanuel Strauss against Edward A. Murray, as one of the marshals. From a judgment in favor of defendant affirmed at the general term of the city court (60 N. Y. Supp. 1148), plaintiff appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Uriah W. Tompkins, for appellant.

William Henry Knox, for respondent.

PER CURIAM. On January 21, 1896, Moses Cohn recovered a judgment in a district court against Hyman Israel, and an execution was thereupon issued to the defendant, a city marshal. Israel

at this time was the ostensible owner of a grocery store in this city. After the recovery of the judgment, and on February 23d, Israel called on the plaintiff, and opened negotiations for the sale of the goods in the store; and on the evening of the same day plaintiff, as he alleges, bought the whole stock for $100, and took possession thereof, immediately arranging to sell them at auction. On February 24th the defendant called at the store and notified plaintiff that he held an execution against Israel, and intended to levy upon and sell the goods. Nothing further was done until February 26th, when the marshal again called at the store, and found an auctioneer there about to sell the property for account of plaintiff. The sale went on, apparently under some arrangement between the defendant and the plaintiff's auctioneer, and at the conclusion of the sale the defendant took the proceeds of the sale by virtue of his execution. The plaintiff now sues for the conversion of the goods, claiming to have been their lawful owner at the time the marshal sold them. The one issue in the case was as to the bona fides of the plaintiff's claim of title to the goods; the defendant asserting that the goods had been the property of Hyman Isracl, against whom he held the execution, and that the pretended sale to plaintiff was a mere device to prevent the seizure and sale of the goods under the execution. The defendant called as a witness a woman living near the store, and interrogated her as to a conversation she had with Hyman Israel after the alleged sale to the plaintiff, and after plaintiff had taken possession of the goods and arranged them for sale at auction. The witness was allowed, against plaintiff's objection, to testify that Israel had told her that he had sold the place to his wife, and that she had sold it to an auctioneer, and that he had done this to save himself. This evidence was clearly incompetent, being the declaration of an alleged fraudulent vendor made after his conveyance, and in the absence of his vendee. Scofield v. Spaulding, 54 Hun, 523, 7 N. Y. Supp. 927. It is impossible to say that the admission of this incompetent evidence may not have prejudiced the plaintiff.

Judgment reversed, and new trial granted, with costs to the appellant to abide the event.