(34 Misc. Rep. 402.)

### HOROWITZ et al. v. JACOBS et al.

(City Court of New York, General Term. March 26, 1901.)

1. APPEAL AND ERROR—MANNER OF TAKING APPEAL—EXCEPTIONS.

     An appeal may be taken on exceptions raised at the trial to the admission or rejection of evidence and to the instructions.

2. EVIDENCE—BOOKS OF ACCOUNT—COMPETENCY.

     An employé in a bank, who does not make certain entries in its books, nor see them made, and who has no personal knowledge of the truth thereof, cannot testify to such entries.

3. FRAUDULENT CONVEYANCE—ACTION TO RECOVER GOODS—ADMISSIBILITY OF EVIDENCE.

     Where goods are purchased on credit by A. by means of fraudulent representations as to his financial standing, and sold by him to defendant, conversations between A. and the seller in the absence of defendant, after A. has disposed of the goods, are not admissible in an action by the seller to recover such goods from defendant.

Appeal from trial term.

Action by Philip Horowitz and another against Charles Jacobs and another to recover certain chattels. From a judgment in favor of the plaintiffs, defendants appeal. Reversed.

Argued before McCARTHY, SCHUCHMAN, and DELEHANTY, JJ.

Walter J. Rosenstein, for appellants.

Max D. Steuer, for respondents.

SCHUCHMAN, J. This was an action brought to recover certain chattels, to wit, skirting, silks, etc. The chattels sought to be recovered were sold by the plaintiff on credit between December 2, 1898, and January 26, 1899, to Isaac Steinman. They were sold to him after he had made a so-called "credit statement," to wit:

"My assets are as follows: Merchandise on hand, $8,000. Fixtures, valued at $500. My outstanding accounts and notes amount to $4,898.15. Accounts past due, $300, which I value at $75.00. Cash in National Citizens' Bank, $3,200.65,—making a total of assets of $16,673.80. Liabilities for merchandise, $727.25; leaving a surplus of $15,946.55."

The plaintiffs claim that they relied upon said statement, believed it to be true, but which they subsequently discovered was false, and that it was known to Steinman to be false at the time he made it. The plaintiffs rescinded the sale, and demanded the return of the property from Steinman, but the return of it was refused. Before the plaintiffs could get possession of the chattels, and on the 27th day of January, 1899, the defendants Marx & Jacobs obtained a bill of sale from Steinman, and took possession of all the property that Steinman had, and, among other goods, the chattels mentioned in the complaint. On January 27, 1899, the plaintiffs demanded from Marx & Jacobs the return of these goods, but the return thereof was refused, and thereupon this suit was commenced against Marx & Jacobs, as well as Steinman, for the recovery of these chattels. Steinman, however, was never served with the summons and made a defendant herein. His name is simply mentioned in the title as a defendant.

This appeal is taken only on exceptions raised at the trial to the admission or rejection of evidence and exceptions taken to the charge. This is authorized. Rosenstein v. Fox, 150 N. Y. 354, 44 N. E. 1027. The plaintiffs, to substantiate the question of fraud on the part of Steinman, called a witness by the name of Harry R. Rodman, to prove by him that, although in December, 1898, said Steinman, in his credit statement, stated that his cash in the National Citizens' Bank was $3,200.65, he drew it nearly all out, and that on January 26th or 27th he only had a balance in said bank of $1.03, and that, having withdrawn all that money on the same day, to wit, January 27, 1899, he sold all his property to the defendants Jacobs & Marx. Said witness Rodman testified substantially as follows:

"I am employed at the National Citizens' Bank as bookkeeper. On January 25, 1899, I was in the receiving department of said bank. In order to enable myself to tell the facts to the jury, I have prepared a transcript of the account of Isaac Steinman. I have examined the books of the National Citizens' Bank to ascertain what Steinman's balance was on January 26 and 27,

1899. I am able to state from my transcript from those books what his balance was on the 26th and 27th of January, 1899. It was $1.03."

On cross-examination he testified:

"My duties in the bank at present are those of a bookkeeper. In January, 1899, I was assistant in the receiving department,—at the receiving teller's desk. The facts as testified to by me are as taken from the books, and the only knowledge I have on that subject is what was taken from the books entirely."

This testimony was received, under objection, as being incompetent, and to which exception had been duly taken. There is no proof whatever that the witness had any knowledge as to the accuracy and correctness and regularities of such entries in the bank's books. It does not appear that he made those entries himself, or that he saw them being made, and that they were correctly made. The rule of law seems to be that entries in the books of a bank can only be proven by the clerk making them, or who saw them being made, and knew them to be correctly made at the time. In no event can such entries be admitted in evidence, nor testified to by any one, unless that person testifies from personal knowledge as to the correctness of the entries. Bank v. Carll, 55 N. Y. 440; Churchman v. Lewis, 34 N. Y. 444; Bank v. Brown, 165 N. Y. 216, 59 N. E. 1. The evidence thus wrongfully admitted must have played a very material part in the minds of the jury in determining the question of fraud. It was, therefore, harmful to the defendants, and a reversal of the judgment must follow.

There is another exception taken, which we claim is well taken. We claim it was error to admit the testimony of Joseph Horowitz, one of the plaintiffs, as to a conversation between himself and Steinman in December, 1899, in the absence of the defendants, nearly a year after the defendants had purchased Steinman's stock of merchandise. The defendants are the assignees of Steinman of the goods in suit, and had taken possession of them on January 27, 1899. The conversation that Joseph Horowitz testified to was substantially as follows:

"I asked Steinman: 'How is it you made a statement to me that your assets were fifteen thousand dollars on Dec. 1st, and only it is not quite two months, and you have lost all your money?' And he said: 'Well, I will tell you. I have not lost my money, but, to tell you the truth, I never had it. At that time I was not worth $15,000, or worth $10,000, or $8,000. At that time I was worth about $2,000,—when I made that statement. But I don't know what happened to me. In an insane moment it made me do it, and I made statements all around, and obtained goods, and then went to Philadelphia, and sold the place to Jacobs and Marx, and then went to Philadelphia, and then to England, and from England to Africa.'"

The rule of law is that admissions of an assignor of chattels are not admissible against the assignee when made after the assignment and transfer of possession. Coyne v. Weaver, 84 N. Y. 386–392; Strauss v. Murray, 31 Misc. Rep. 69, 63 N. Y. Supp. 201; Flannery v. Van Tassel, 131 N. Y. 639, 30 N. E. 246; Bush v. Roberts, 111 N. Y. 278–282, 18 N. E. 732. We maintain that the evidence was clearly incompetent, being the declaration of an alleged fraudulent vendor, made after his conveyance, and in the absence of his vendees, nearly a year after the sale was made and possession transferred.

There are other exceptions, but, deeming these two controlling, we do not propose to go into their details.

Judgment appealed from reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.