NEWGASS v. AUBURN LOAN CO. et al.

(Supreme Court, Appellate Division, Fourth Department. March 10, 1903.)

1. GIFTS—EVIDENCE—SUBSEQUENT DECLARATIONS OF DONOR.
    On the issue whether decedent, prior to mortgaging property to defendants, had given it to his wife, his declarations made subsequent thereto, and tending to show such gift, were inadmissible.

Appeal from Trial Term, Cayuga county.

Replevin by Nettie Newgass against the Auburn Loan Company and Willard Hoagland. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed.

The action is replevin, and was commenced in the city court of Auburn on the 27th day of May, 1901, to recover possession of a horse, wagon, and harness of the alleged value of $250. The case was tried before the city court without a jury, and resulted in a decision dismissing the complaint upon the merits, and judgment was entered accordingly, with costs. An appeal was taken by the plaintiff to the county court for a new trial, and the case was tried before the county court and a jury, and resulted in a verdict in favor of the plaintiff for $175, which was found to be the value of the property, and judgment was entered in favor of the plaintiff for that sum, together with $100.70 costs. From the judgment so entered, and from an order denying defendants' motion for a new trial, this appeal is taken.

Argued before ADAMS, P. J., and McLENNAN, WILLIAMS, HISCOCK, and NASH, JJ.

¶ 1. See Evidence, vol. 20, Cent. Dig. § 855.

Hull Greenfield, for appellants.
Oscar Tryon, for respondent.

McLENNAN, J.   Plaintiff claims to be the owner of the property which is the subject of dispute, consisting of a horse, wagon, and harness, and entitled to the possession thereof, under an alleged gift from Lewis Newgass, her deceased husband; and the defendants claim to own the property by virtue of a chattel mortgage dated the 9th day of June, 1900, executed by the plaintiff's deceased husband, and delivered to the defendants by him in his lifetime.   Concededly, the horse in question was purchased by Mr. Newgass, plaintiff's husband, in 1895 or 1896, and it appears substantially without contradiction that it was purchased for the purpose and with the intent on the part of Mr. Newgass of making a present of the same to his wife. Whether or not such gift was actually made and consummated by delivery is, under the evidence, a sharp question of fact.   Apparently, the horse and wagon were used in common by the plaintiff and her husband, and it cannot be said that either had exclusive possession of the property as against the other.   The husband apparently used the property at will, procured it to be cared for at his expense, and did no act in connection therewith which may be said to be inconsistent with his ownership.   In fact, when he executed and delivered the chattel mortgage in question to the defendants, he, in effect, declared that he was the sole owner of such property.   Under these circumstances it was important that no incompetent evidence should be received bearing upon the question as to whether or not a gift of the property had actually been made by the husband to the wife prior to the execution of defendants' chattel mortgage.   We think incompetent evidence was received, over defendants' objection, and for that reason the judgment appealed from must be reversed.

One witness (a Mr. Brown) was permitted to state that in September or October, 1900 (several months after the chattel mortgage in question was executed), the deceased husband said:   "There is no necessity of that [hiring another horse].   I will ask my wife to use her horse and carriage for that purpose, and I know she will let us have it."   Several other witnesses were permitted, under defendants' objection, to give declarations of Mr. Newgass after the execution and delivery by him of the chattel mortgage in question, to the effect that the property in question belonged to his wife.   We think the admission of such evidence clearly constituted reversible error.   The rule is correctly stated in Woodruff, Admr., etc., v. Cook, 25 Barb. 505, as follows:

"The declarations of a former owner of property, made subsequent to an alleged gift or transfer thereof by him, are not admissible evidence in an action by his administrator against the person claiming to hold such property under and by virtue of such gift or transfer."

The same rule must apply when such evidence is given to support such gift as against a person claiming the property by virtue of another conveyance.

In the case of Flannery v. Van Tassel, 131 N. Y. 639, 30 N. E. 246, it was held that, where a sale of goods is attacked by the creditors of

the vendor as fraudulent, the vendor's declarations to third persons, after the sale, respecting the transaction, are not competent against the vendee.

In the case at bar the claim of the plaintiff is that the property in question was purchased by her husband, and given to her as early as 1895 or 1896, and that from that time on she had title to the same. A great part of the record is made up of alleged declarations of the husband made subsequent to that time, to the effect that his wife was the owner of the property. Many of such declarations were in no sense a part of the res gestæ, and did not throw any light upon the question of who was in the possession or had control of the property. Such declarations were incompetent, and it cannot be said that their reception in evidence was not prejudicial to the defendants.

Without discussing the many other questions raised by the appeal, we think, for the reasons indicated, the judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial ordered, with costs to the appellants to abide event. All concur.