WHITE, receiver of the Canal Bank of Albany, *against* AMBLER.

A check drawn upon and paid by a bank is not evidence of indebtedness of the drawer to the bank. The legal presumption is that it was drawn against funds of the drawer.

The books of account kept by a bank are not of themselves evidence against its customers of the facts indicated by their entries.

This action was brought to recover a supposed balance due from the defendant to the Canal Bank of Albany. It was tried at the Albany circuit in June, 1851, before Mr. Justice HARRIS. On the trial the plaintiff produced the cash book of the bank, and proved the deposit by the defendant in the Canal Bank of $297 and $245, making $542, on the third day of July, 1848, and a check drawn by the defendant upon the bank, dated the same day, for $642, the execution of which was admitted. The plaintiff then gave in evidence the books of the bank from January 29, 1847, to the time of the failure of the bank, containing an account of all the transactions of the plaintiff, from which it appeared that there was a balance of $100 due from the defendant, and rested.

The defendant moved for a nonsuit, which was ordered. Upon an appeal to the general term in the 3d judicial district the judgment rendered upon the nonsuit was affirmed in September, 1851. The plaintiff appealed to this court.

*M. T. Reynolds* for appellant, insisted that though the acceptance of a bill or draft implies that the acceptor has sufficient funds of the drawer to pay the bill, the implication may be met by any adequate proof to the contrary, in accordance with the circumstances of each particular case: that the transaction of the parties out of which this action arose, being between a bank and a customer or

Wood *against* Ambler.

depositor, the books of the bank were competent evidence of the account between the parties, and that the books of the bank produced in evidence by the plaintiff, in the absence of countervailing proof of any kind, together with the production of the draft, afforded conclusive proof of want of funds of the drawer, and entitled the plaintiff to judgment: that the evidence should have been submitted to the jury.

*R. A. Parmenter* for respondent.

GARDINER, J., delivered the opinion of the court: The decision of the judge at the circuit that the evidence was insufficient to maintain the action was correct.

The declaration was for money lent and money had and received.

The plaintiff produced a cash receipt book belonging to the Canal Bank, and proved two entries to the credit of the defendant, amounting to five hundred and forty-two dollars: then a check of the same date of the deposit made by the defendant, for six hundred and forty-two dollars, the execution of which was submitted: then a clerk of the receiver testified that a book produced was ledger G of the Canal Bank, containing the account of the defendant with the bank; that the balance against the defendant on this book was $100. The books of the bank from January, 1847, to the failure of the bank were then offered in evidence, from which $100 appeared due the plaintiff. This was all. There was no call upon the defendant for his bank book; nor was the original entries to the debit of the defendant proved by the clerks who made them, or to be in their hand writing; nor any attempt made to account for their absence. The books upon the mere proof by a stranger that they were the books of the Canal Bank, were relied upon as evidence that the account of the defendant was overdrawn.

The check of itself proved nothing against the party

sought to be charged. The legal presumption would be that it was drawn upon funds of the defendant in the possession of the bank. In *Bank of Monroe* v. *Calver*, (2 *Hill*, 535,) it was held, that entries in the books of the bank were evidence after it had been proved by the clerk who made them, that it was his uniform custom to make them at the time of the transaction, and that he had no doubt that they were truly made in the particular instance. In *Brewster* v. *Doane*, (*id.* 557,) it was decided that entries and memoranda made by third persons in the usual course of business, as notaries, clerks, &c., could not be given in evidence on the ground that they were beyond the jurisdiction of the court, though otherwise when they were deceased. In *Union Bank* v. *Knapp*, (3 *Pick.* 97,) the books were authenticated by the officers of the institution, the course of business was established, and the cashier, paying teller, and the clerk who made the mistake which led to the action were subsequently sworn and examined. After this evidence, the handwriting of the clerk who made the original entries in the blotter was suffered to be proved, on the ground that he was at the time insane. The decision in that case was in favor of the defendant, upon other grounds; but the court, in the opinion delivered, (*p.* 106,) recognize the general rule contained in the cases decided in this state.

I think the nonsuit right, and that the judgment of the supreme court should be affirmed.

Judgment affirmed.