## Dennis G. Lawrence v. Hezekiah Griswold.

*Insurance: Premium note: Delivery of policy: Custom: Evidence.* In an action upon a promissory note given in part consideration of a policy of life insurance, where it is claimed that the policy was not to be delivered until after the note was paid, it is error to receive evidence of the custom of the company and its agents in this regard, in the absence of any showing that such custom was known to the other party, or that he contracted with reference to it.

*Promissory note: Receipt: Contract: Evidence.* A promissory note given on making application for life insurance, in part consideration of a policy to be thereafter issued, is to be construed in connection with a receipt given back at the time, referring to the note and stating how and for what it was received; and the two must be read together as evidence of what the contract was.

*Insurance: Note given in payment of premium: Policy: Delivery: Condition precedent.* And when such receipt shows that the note was received as so much payment towards the premium, neither the insurance company nor its agent could maintain the right to hold both the note and the policy until the note should be paid, nor to make the previous payment of the note a condition of the delivery of the policy.

*Insurance: Note in payment: Delivery of policy.* Gathering from such receipt and the note what the contract in this case was, it is held that the plaintiff (the insurer's agent) was not entitled to recover on the note until he had delivered or tendered to the defendant (the applicant for insurance) the *policy* without any condition of previous payment of the note.

*Insurance: Rescission of contracts: Premium note: Policy.* And where no such delivery or tender was made, and no notice given to the applicant of the acceptance of his application, until after the maturity of his note, he would be at liberty to rescind, and to recover back the money advanced in addition to such note in payment of the premium.

*Construction of written instruments: Parol evidence: Questions of fact.* If the construction of such note and receipt could be in any way changed by parol evidence, the question would be one for the jury, and a charge to the jury which took that question away from them would on that theory be erroneous.

*Insurance contracts: Policy: Liability of insurers: Implication.* One who has contracted for a policy of insurance is not bound to accept in lieu thereof, and as of equal value, any such resulting liability as might be incurred by implication from the acceptance of his note as payment of the premium.

*Heard October 9. Decided October 27.*

Error to Lapeer Circuit.

\* This was an action of assumpsit brought by Griswold against Lawrence in the Lapeer circuit, upon a note of which the following is a copy:

---

\* This statement of the case was furnished by Judge Christiancy.

"MARATHON, Sept. 8, 1871.

"$120. Three months after date, for value received, and in consideration of a policy of insurance on the life of D. G. Lawrence for the sum of two thousand dollars in the Hartford Life and Annuity Life Insurance Company of Hartford, Conn., I promise to pay to the order of H. Griswold, superintendent of agencies, one hundred and twenty dollars, it being the balance due on the premium on said policy, and the policy is hereby declared void and of no effect unless this note is paid at maturity.

"(Signed)            D. G. LAWRENCE."

Defendant pleaded the general issue and gave notice of set-off, and also notice that he would prove under said plea that at the time the note was signed and delivered to the plaintiff, said plaintiff was to procure the appointment of said Lawrence as the agent for said company, and that as a part of the consideration for the giving of said note, the plaintiff agreed to procure the appointment of defendant as such agent; and that it was mutually agreed and understood that said note was not to take effect and be binding upon the defendant unless the latter should be appointed such agent, and that it was to be returned to defendant in default of his receiving such appointment; and that defendant never received said appointment in pursuance of said agreement.

On the trial the plaintiff below proved the execution of the note, and rested. The defendant then offered evidence to prove the agreement set up in his notice, and that the note was given in consideration of the agreement and in part payment of the premium on the policy. This being objected to by the plaintiff and ruled out by the court, the defendant excepted.

Defendant then testified in his own behalf that he never received any policy of insurance, never saw any to his knowledge, and that he had received no consideration for the note. And being cross-examined, testified that he did

not understand when the note was given that the policy was to be sent afterwards unless he received the appointment as agent; that he was afterwards notified that the note was sent to White's bank; that this was about the time the note became due, and at this time the policy was not in the bank, but witness was afterwards notified that the policy had reached there, but this was some days after the note became due; and that he then refused to pay the note and receive the policy. On his redirect examination he says he told White he would not pay the note; that he had written Griswold to send back the money (some seven dollars and ninety-eight cents he had paid, and forty-two dollars and sixty-six cents allowed him for services) and note, according to the agreement made when the note was given; that he would not pay the note because he had received no notice that the application had been accepted, or the policy issued.   This was some days after the note became due.

On his re-cross-examination he states that the seven dollars and ninety-eight cents was applied as part of the first payment of the insurance; that he (Griswold) gave a receipt to that effect; that the forty-two dollars and sixty-six cents that Griswold credited him with for his services was applied towards the first payment on the policy on certain conditions, and that he (defendant) was not to take the policy unless Griswold did as he agreed.

Griswold, in his rebutting evidence, testified, under objection from defendant, among other things, that they (meaning, as it would seem, the company's agents) always take the application and forward it to the home office; that payment is generally made in part, and is always made in full before the policy is delivered; that in this instance a part payment was made (which he states substantially as the defendant had stated); that the policy was sent from the home office to the Toledo office (kept by plaintiff); that he forwarded the policy to H. K. White; that he sent the note to White; that the policy was to be delivered on pay-

ment of the note; that when the policy was sent to witness by the company it was charged to witness; that he was accountable and had paid the premium to the company.

After proof of the execution of the policy it was admitted in evidence against defendant's objection.

On his cross-examination Griswold said he appointed Lawrence agent in September, 1871, at the time of this transaction. But the court ruled out the question of defendant: "How do you appoint your agents,—whether in writing or not?" (and there was no evidence that Lawrence had received any appointment from the company). He says further he told Lawrence when he paid his note he would get his policy; that he did not agree to deliver it to him in two weeks, and it was not agreed to be delivered at White's bank. Says he sent the application to the company within three or four days by mail, and about two weeks after making of the note he (witness) received the policy. Says he signed a receipt when the note was given, which he identified, and it was read in evidence (a copy of which appears below). Plaintiff having rested, defendant testified that the arrangement between Griswold and him was that the policy was to be sent to him within two weeks. And John T. Stanton, another witness for defendant, also says Griswold was to deliver the policy to Lawrence at Columbiaville within two weeks. On his cross-examination he says: "I had been acting as agent for this company; it was a general rule not to deliver the policy, but we got out of it some when parties were responsible."

Griswold, being recalled, says: "I never give notice of the acceptance of a policy; only give notice when it is rejected; never notified Lawrence of the acceptance."

On his cross-examination, he identified two letters written by him to White, cashier. The first, dated December 4, 1871, enclosing Lawrence's note for collection. One of the 19th December, enclosing the policy to White; which, it will be seen, is some days after the note became due. The policy was not tendered to defendant on the trial. The

receipt given by Griswold to Lawrence at the time he received the note, is in the following words (evidently a printed blank filled out as far as thought necessary):

> "HARTFORD LIFE AND ANNUITY
> INSURANCE COMPANY, OF HARTFORD, CONN.
> *Marathon, Sept. 8, 1871.*

"Received of D. G. Lawrence his note for one hundred and twenty dollars, payable in three months; seven dollars ninety-eight cents, in cash, in full payment of his premium of one hundred seventy dollars forty-four cents on his policy for two thousand dollars in the ——— plan in the Hartford Life Insurance Company of Hartford, Conn; *and the balance of —— dollars is to be paid on the delivery of this policy,* or the above amount paid shall be forfeited. Said policy to be binding when application is accepted by the company and policy issued. If no policy is written on application said note money will be returned.

"(Signed)                    H. G. GRISWOLD."

The policy contained this condition:

"Agents are not authorized to make, alter or discharge contracts, waive forfeitures, name an extra rate for special risks, or bind the company in any way relating to life insurance, their duties being simply the reception and transmission of applications for such policies under the rules and instructions of the company; no contract or agreement made by an agent shall be binding upon this company, unless the same shall be confirmed by the company in writing over the signature of their president or secretary."

The counsel for the plaintiff requested the court to charge the jury as follows:

"1. That as the note in suit was given for 'the balance due on the premium of a life policy of insurance,' as recited in the note, upon an application made for an insurance, no other consideration can be shown or considered in the case.

"2. If the defendant made the note in question, and delivered the same to the plaintiff as a part payment of the

premium upon a policy applied for, and the application was taken by the plaintiff as the agent for the company, and forwarded to the company, and was accepted by the company, the risk at once attached, whereby the company became liable in case of death to pay the amount, whether the policy had actually been delivered to the defendant or not.

"3. As the note was given in part payment for the premium on a policy under the application, which might attach and make the company liable, an agreement to deliver the policy within two weeks, and non-compliance by delivery in the time, cannot defeat the note for want or failure of consideration.

"4. That the evidence offered by the defendant shows no defense to the note in question, and the plaintiff is entitled to recover thereon.

"5. That under the evidence in this case the plaintiff is entitled to recover the amount of the note and interest thereon to the day of trial."

And the counsel for the defendant requested the court to instruct the jury as follows:-

"1. If the jury shall find from the evidence in this case that there was no consideration for the giving of the note in question, then the plaintiff cannot recover.

"2. If the jury shall find from the evidence in this case that the defendant never received any policy of insurance as set forth in the note in this cause, then the plaintiff cannot recover.

"3. If the jury shall find from the evidence in this case that the policy of insurance was void at the time it was sent to the bank, and the defendant did not accept of it, then the plaintiff cannot recover.

"4. If the jury shall find from the evidence in this case, that the defendant paid the plaintiff any money, and has rendered any services for the plaintiff for which he has not received pay, then the defendant will be entitled to a

judgment for whatever sum the jury shall find that to be from the evidence in this case."

And the circuit judge did instruct the jury as requested by the counsel for the plaintiff in his 1st, 2d, 3d, 4th, and 5th requests; and refused to charge as requested by the defendant in his 1st, 2d, 3d, and 4th requests.

The jury rendered a verdict for the plaintiff for one hundred and forty-one dollars and fifty cents; and the defendant brought error.

*J. M. Wattles* and *Gaskill & Geer*, for plaintiff in error.

*J. B. Moore*, for defendant in error.

CHRISTIANCY, J.

It will not be necessary to notice all the errors assigned in this case.

The court erred in receiving the evidence of Griswold as to his custom, or that of the company, of not sending policies to the insured till the whole premium was paid, and this without any evidence, before or afterwards, that defendant was aware of any such custom, or that the contract was made or the note given by him with reference to it.

We do not think it necessary to consider the point upon which the plaintiff in error relied as one of the principal grounds of error: the exclusion of evidence to show that the note was made and delivered upon the agreement or condition that the plaintiff in error was to be appointed agent of the company, and to be returned to him if not so appointed; nor how far that agreement might be affected by, or merged in, the written agreement, evinced by the note and the receipt of Griswold given back to Lawrence at the time. If the evidence was admissible, the court erred in rejecting it; but assuming, as was contended by the plaintiff below, and insisted upon by him here, that the parol

evidence was not admissible, and that the written instrument must be treated as embodying the whole agreement of the parties, still the receipt given by Griswold referring to the note and stating how, and for what, it was received, must be construed with the note, and being executed at the same time, and having reference to the same transaction, they must both be read as evidence of what the contract or agreement of the parties was. And thus read together, it is at once seen that the policy for which, or part of which, the note was given, and which, from the note alone, would be understood as already issued, had not in fact been issued.

Now it is clear, *prima facie*, from the face of this receipt, that whatever the custom of the company or the agent had been in other cases as to retaining the policy until the whole premium should be actually paid over in cash, Lawrence's note was in this instance *received as so much payment* towards the premium; and neither the company nor its agent had the right to hold both the note and the policy until the note should be paid, nor to make the previous payment of the note a condition of the delivery of the policy. This is clear, not only from the express words, that it was received in payment, but the same intent is indicated even by the blank left unfilled in the receipt, which I have placed in italics, viz.: "*and the balance of —— dollars is to be paid on the delivery of this policy, or the above amount paid shall be forfeited.*" This blank, intended doubtless for cases where only a part of the premium had been paid, and clearly to indicate an express agreement beyond a mere receipt, when filled up in a case to which it was applicable, appears clearly enough to have been purposely left blank in the present case, because the previous portion of the instrument had already acknowledged payment in full for the whole premium, and there was no balance, for the non-payment of which a mere portion already paid could be forfeited.

And entirely consistent with this construction are the concluding portions of the same instrument (which are also

intended as an agreement beyond a mere receipt), "said policy to be binding when application is accepted by the company and policy issued.    If no policy is written on application, said note money" [doubtless here meaning said note *and* money] "to be returned."    Within the fair meaning of this language in this connection, we think the "issuing" of the policy must be held to include a delivery which will render it effectual *as* a policy, or contract between the parties, and that the subsequent words are to be understood in the same way.    Upon this construction we think the plaintiff below was not entitled to recover upon the note until he had delivered or tendered to the defendant the policy, without any condition of previous payment of the note.    And there being no evidence of such delivery or tender, the note, upon the evidence, appeared, *prima facie* at least, to be without consideration; and this being a suit between the original parties, the want or failure of consideration was a sufficient defense; in fact, if no tender was made of the policy, nor any notice of the acceptance of the application until after the maturity of the note, the defendant was at liberty to rescind, and recover back what he had paid, under his notice of set-off.

If the construction could in any way be changed by parol evidence, the question would have been one for the jury upon all the evidence upon both sides, and not for the court.    But the court charged the jury that, upon the evidence offered, the defendant showed no defense to the note, and that the plaintiff was entitled to recover the amount of the note, with interest.    Under either view, or any view we have been able to take of the case, we therefore think the court erred in giving this charge.

And we may say here, further, that if (under the agreement stated in the receipt) the payment of the premium by the defendant below would have rendered the company liable for the amount insured, in case of death, as assumed by the court, but which we do not think entirely clear, in an action at law, at least; still, if the evidence shows, as

we think it tended to show here, that what the defendant contracted for was a policy of insurance, instead of any such resulting liability, he was entitled to have what he contracted for, and was not bound to accept any such resulting liability as a substitute for the policy.

A policy might be much better and more available to him than any such liability, to be shown only by evidence of all the circumstances. He might be able to assign a policy as security for a loan, but such doubtful or resulting liability would not be worth as much for this purpose, if for any other, as the policy itself; and the court erred in treating it as of equal value to the defendant, and denying to him the right of insisting upon what he had contracted for.

The judgment of the circuit court must be reversed, with costs, and a new trial awarded.

The other Justices concurred.