## JACOWAY v. INSURANCE COMPANY.

CONTRACT : *Formed by separate writings : Power of insurance agent.*

> An insurance agent with apparent authority to receive conditional applications for insurance, obtained the defendant's note for a premium, under a written agreement with him that the policy should be sent by mail and if unsatisfactory might be rejected ; and that on notice of the non-acceptance of the policy, the note should be returned. *Held:* That the note and written agreement formed one contract, and that upon the rejection of the policy, the company cannot treat the agreement of the agent as having been made without authority and sue on the note.

APPEAL from *Pulaski* Circuit Court.

F. T. VAUGHAN, Judge.

*G. W. Shinn* for appellants.

The principal is bound by all the acts of the agent coming within the general scope of his authority, unless the knowledge of a limited agency is brought home to all who deal with such agent. The powers of an agent are *prima facie* co-extensive with the business entrusted to his care and will not be narrowed by limitations not communicated to the person dealing with him. *13 Wallace, 222; 25 Conn., 51; 8 Wright, 259; 44 Penn., 259; 16 Wisc., 241; 17 Iowa, 276.*

"An insurance company establishing a local agency must be held responsible to the parties with whom they transact business for the acts and declarations of the agent within the scope of his employment as if they proceeded from the principal." *13 Wall., 222; 31 Conn., 517; 40 Mo., 557; 17 Iowa, 176; 11 harris, 50; Pollock on Cont., p. 191; 13 Neb., 529; 44 Mich., 519.*

"As to all acts within the agent's *apparent* authority, a person where there is nothing to put him on inquiry as to his actual authority, may deal with an agent without stopping to inquire what his real authority is," etc. *Woods Ry. Law, vol. 1, 452; 35 Vt., 586.*

See further as to liability of principal for acts of agent within apparent scope of authority. *82 U. S., 220; 46 Ark., 214; 42 id., 97; 18 N. Y., 392; 36 N. Y., 550; 31 Conn., 526; 37 Ark., 47; 25 id., 261; 29 id., 99; 11 Peters, 559; 111 U. S., 264; 23 Ark., 289; 1st Pars. Con. (6th ed.), 73; 96 U. S., 84; 77 U. S., 141; 13 Peters, 142; 6 id., 746; 15 id., 29.*

*Caruth & Erb* for appellee.

Appellants, instead of returning the policy immediately on its reception, retained it in their possession from February until September. If a loss had occurred the company would have been liable.

If Halliburton made any such agreement as is claimed by appellants (which he denies), the company was not bound by it, as it was beyond his authority.

BATTLE, J.   This is an action brought by appellee against appellants on a note executed by appellants for a premium on a policy of insurance.   There was evidence introduced in the trial tending to prove that appellants and D. N. Halliburton, an agent of appellee, agreed in writing that appellants would apply to appellee for fire insurance and execute their note for the premium, and that the policy should be sent to them by mail, and that they should examine it, and, if they did not like it, might decline to accept and notify appellees of its non-acceptance; and, that, thereupon, the note should be returned and the policy canceled; that they made the application and executed the note sued on and delivered them to the agent, according to the agreement; and that the policy was sent to them by mail, and they examined, disapproved it, and notified appellee that they refused to accept and demanded the return of their note, which appellee refused.   Halliburton was authorized by appellee to solicit applications for insurance and receive the money or notes for the premiums, but appellee claims he had no authority to make the contract referred to, and that if he did so it was void.

The trial court, at the instance of appellee, instructed the jury as follows:   "The jury are instructed that although they may believe from the evidence that Halliburton at the time of taking the application from Jacoway agreed that the company would cancel the policy if on its receipt defendants were dissatisfied with the terms and conditions of the same, they are instructed not to consider the same as evidence, unless they believe from the evidence that his authority as agent extended to making such contracts; and the burden of establishing such agency is on the defendants."

Jacoway v. Insurance Company.

And refused to instruct the jury, at the request of defendants, as follows: "If you believe from the evidence that D. N. Halliburton was duly appointed agent for plaintiff and was held out by it as the agent of plaintiff to solicit applications for policies of insurance, you are instructed that the plaintiff will be bound by any agreement or contract that Halliburton may make in his capacity as agent for plaintiff and coming within the scope of his authority. If, therefore, you believe from the evidence that the defendants were not apprised by Halliburton of the extent or scope of his authority, and that the said Halliburton agreed in writing that upon the receipt of the policy defendants should have the option to accept or refuse the policy, you are instructed under these circumstances that such is a holding out of Halliburton by the plaintiff that will render it liable for such an agreement, and you will find for the defendants."

The rule is, a principal is bound by all that is done by his agent within the scope of his apparent power, and cannot avoid the consequences of his acts because no authority was in fact given to him to do them, unless they were in excess of the agent's apparent authority, or were done under such circumstances as put the person dealing with him, upon notice or inquiry as to his real authority. Under this rule appellee was bound by the agreement made by its agent, unless appellants had actual or constructive notice that he had no authority to make it. For it, certainly, was within the scope of his apparent, if not real, authority to receive conditional applications for insurance. The application, note and agreement, if the evidence above stated is true, were in writing and formed one contract and should be read together as evidence of what the contract was. When so read it appears the application was for a policy on condition that appellants should have the right to reject it and to have the note returned to them, if they were not satisfied with the policy. It was the duty of the agent,

CONTRACT: Formed by separate writings: Power of agent.

when he forwarded the application, to have informed appellee of the agreement; and then appellee could have issued the policy or not, in conformity with the terms on which the application was made, as it might or might not have determined to do. *Jacobson v. Poindexter, 42 Ark., 97; Meyer, Bannerman & Co. v. Stone & Co., 46 Ark., 214; Keith v. Hirschberg Optical Co., 48 Ark., 138; Insurance Co. v. Wilkinson, 13 Wall., 222.*

If it be true as appellee insists, that this agreement was in excess of the agent's authority, it does not follow that appellants are liable upon the note. For it was necessary for it to show that appellants contracted to pay the premium on the policy of insurance. To do this it is necessary that it show that the minds of the parties met on some distinct and definite terms. The note standing alone shows this. But the agreement made by the agent and appellants, if any such was made, constituted a part of the contract, and must be taken and considered with the note. Taking them together it appears the appellants were not to pay the note unless they accepted the policy. If this part of the contract is void, then the whole is void, because appellants assented to nothing of which it is not a part. Appellees must deal with the contract as a whole. It cannot ratify a part, and repudiate the remainder. It cannot make a new contract by a selection of parts to which separately appellants never assented. *Lawrence v. Griswold, 30 Mich., 410; Eberts v. Selover, 44 Mich., 519; Goodwin v. Nickerson, 51 Cal., 166; Hunt v. Livermore, 5 Pick., 395.*

For the errors indicated, the judgment of the court below must be reversed and this cause remanded for a new trial.