## YARDLEY v. TRENHOLM.

(Circuit Court of Appeals, Second Circuit. October 15, 1894.)

### No. 146.

BANKS—ACTION FOR OVERDRAFTS PAID—EVIDENCE.

In an action by the receiver of a bank against a customer to recover $6,784.94, paid on alleged overdrafts, the bookkeeper of the bank testified that the ledger showed $2,995.78 overdrafts at the close of 1888, and that the leaves in the ledger of 1889 containing defendant's account had been destroyed, before the bank suspended, by some unknown person, but that the witness' recollection was that the ledger showed overdrafts by defendant of about $6,000. The cashier testified that checks amounting to $3,619.16 of defendant were paid in 1889. There was no evidence of the amount of deposits in 1889 made with the receiving teller, or that none had been made. No deposit slips were produced, nor was it shown that there were no such slips. The accuracy of the ledger accounts was not proved. *Held*, that the court properly directed a verdict for defendant.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by Robert M. Yardley, receiver of the Keystone National Bank, against William Trenholm, to recover alleged overdrafts paid. The court directed a verdict for defendant, and plaintiff sued out a writ of error.

Silas W. Pettit and William F. Randel, for plaintiff in error.
John J. Crawford, for defendant in error.

Before BROWN, Circuit Justice, and WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. Robert M. Yardley, the plaintiff, was duly appointed on May 9, 1891, receiver of the Keystone National Bank of Philadelphia, which ceased to do business on March 20, 1891, and, as receiver, brought an action at law against the defendant to recover the sum of $6,784.94. The complaint alleged that between October 1, 1888, and September 7, 1889, the defendant's deposits in said bank amounted to $6,058.65; and that his drafts upon the bank amounted to the sum of $12,843.59; and that the difference had been overpaid him, and was on May 9, 1891, due to the bank and to the plaintiff. The defendant's answer was a general denial. Upon trial of the case to the jury, the plaintiff proved by one Ege, who was a bookkeeper in the bank, and kept the ledgers for 1888 and 1889, which contained the defendant's account, that his account was balanced on October 1, 1888, and showed an overdraft on that day of $1,608.53; that the ledger showed an overdraft at the close of 1888 of $2,995.78; that the leaves in the ledger of 1889 containing Trenholm's account were cut out, before the bank suspended, by some unknown person; and that the witness' recollection was that the ledger showed an overdraft by Trenholm of about $6,000. It was proved by the cashier that 30 checks of Trenholm's, amounting to $3,619.16, were paid in 1889, and that the deposits were made with the receiving teller, and not with the bookkeeper. There was no evidence of the amount of deposits in 1889, or that none had been made. The deposit slips were not produced,

or the fact that there were no such slips was not proved. Neither the accuracy with which the missing leaves in the 1889 ledger were kept, nor the accuracy of the ledger of 1888, was proved. At the close of the plaintiff's testimony, upon motion. the court directed a verdict for the defendant, upon the ground that there was not sufficient testimony to entitle the plaintiff to recover. The assignment of errors presents in various forms the correctness of the ruling of the court.

The question which was before the circuit court for decision was whether the plaintiff had made a prima facie case, which required a defense. Assuming, what was shown only by way of inference, that Trenholm's bank book was written up on October 1, 1888, and that he must be considered as having assented to the correctness of the ledger account, the sole knowledge which the jury could have of the state of the account on September 7, 1889, was the recollection of the bookkeeper that the ledger showed an overdraft of about $6,000. This recollection amounted to nothing, in the absence of evidence that the book was accurately kept. If the ledger had been in court, it would not have proved itself. Its probable accuracy must be presented to the jury by the testimony of those who had original means of information, and whose business it was to furnish such information to the bookkeeper. Proof in regard to Trenholm's deposits was necessary, because, although payment of his checks was proved, there was no presumption that they were not drawn upon and paid from funds to his credit in the possession of the bank. White v. Ambler, 8 N. Y. 170. The original entries of deposits, if any there were, were not produced, and it was not shown that there were no such entries. The bookkeeper did not testify from what source he was in the habit of obtaining notice of deposits, or that he entered all of which he received notice. When the person who makes the entries has no knowledge of the correctness of the charge, but receives his information entirely from another, who was a party to the transaction, it is necessary to show by some testimony the probable accuracy of the system or course of business which was employed to make original memoranda, and to transmit information of them to the person whose sole business it is to make the entries. For example, testimony from the teller that he correctly made true reports of all deposits to the bookkeeper, or made correct memoranda in the discharge of his duty, and in the usual course of business, which were duly handed to the bookkeeper, and his testimony that he correctly entered all the reports, would, if written vouchers had been destroyed, make prima facie proof of the accuracy of the final entries. Kent v. Garvin, 1 Gray, 148; Harwood v. Mulry, 8 Gray, 250; Mayor, etc., of New York v. Second Ave. R. Co., 102 N. Y. 572, 7 N. E. 905. In this case the counsel for the plaintiff probably presented all the evidence which was accessible. There is enough in the record to suggest that those officers who, at the time of the bad management of the bank, were privy to it, desired concealment of their conduct.

We find no error in the action of the circuit court, and the judgment is affirmed, with costs.