### WALLABOUT BANK v. PEYTON.

(Supreme Court, Appellate Division, Second Department.   January 10, 1908.)

1. BILLS AND NOTES—BONA FIDE HOLDER—NOTICE—DUTY TO MAKE INQUIRY.
    A bank, receiving information at the time it discounted a note for the payee, an insurance agent, that the note was given for insurance premium, was not required to make further inquiry, and was a bona fide holder.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 821–824.]

2. SAME—HOLDER FOR VALUE—CREDITING PROCEEDS.
    The mere placing by a bank, discounting a note for the payee, of the proceeds of the discount to the credit of the payee, does not make the bank a holder for value.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 908.]

3. SAME.
    A bank discounted a note for the payee, who was indebted to the bank on a note due at that time and charged to the payee's account, and the account was made good by the application of the proceeds of the discount.

*Held*, that the bank was a holder for value under Negotiable Instruments Law, Laws 1897, p. 727, c. 612; § 54.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 908.]

4. EVIDENCE—PRIVATE BOOKS—ADMISSIBILITY.

Where, in an action by a bank on a note discounted by it, its bookkeeper testified that a book produced was the discount register, containing an entry therein in his handwriting of the discount of the note, the book, accompanied by the testimony of the bookkeeper that he had the note before him when he made the entry, and that the entry was made in the usual course of business and in the discharge of his duty, was competent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1432, 1435, 1438.]

Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by the Wallabout Bank against Albert J. Peyton. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Samuel H. Wandell, for appellant.
Benjamin F. Blair, for respondent.

JENKS, J. The action is upon this promissory note:

"$790.                                         New York, Feby. 1st, 1904.

"Five months after date I promise to pay to the order of Theodore F. Lake seven hundred and ninety and no/100 dollars, at Mercantile Nat. Bank, N. Y. City.    Value received.

"No. ———.  Due ———.                              A. J. Peyton."

The note was discounted for the payee by the plaintiff on May 9, 1904. Each party moved for a direction of a verdict, and the plaintiff was successful.

Beyond denial, the defense was that the note was delivered to the payee in payment of a premium on a life insurance policy solicited by Lake, who was a life insurance agent; that Lake diverted the note; that the policy was canceled for nonpayment of the premium; that therefore the note was not of valid inception, and was without consideration; and that the plaintiff, having knowledge of these circumstances, was not a bona fide holder or a holder for value. There is no proof that the plaintiff had any knowledge of these facts, save that Lake, at the time he sought discount, said to the plaintiff that he had received the note for life insurance premium, as he had stated as to notes of other makers theretofore discounted for him. This information did not affect the status of the plaintiff as a bona fide holder, and did not require further inquiry by it. The note was to the agent personally, and such transactions are of common occurrence. Lawrence v. Griswold, 30 Mich. 410, relied upon by the learned counsel for the appellant, is not authority; for it was a controversy between the maker and the payee, and the court expressly says:

"And, this being a suit between the original parties, the want or failure of consideration was a sufficient defense."

The plaintiff was a holder for value. True, the mere placing of the proceeds of the discount to the credit of Lake did not make it such a holder. Citizens' State Bank v. Cowles, 180 N. Y. 346, 73 N. E. 33, 105 Am. St. Rep. 765. But the proof is that on the day of discount the bank held a note of Lake due on that day, charged to Lake's account, and the account was made good at that time by the application of the proceeds from the discount of the note in suit. This transaction made the plaintiff a holder for value. Section 54, Negotiable Instruments Law (Laws 1897, p. 727, c. 612); Joyce on Defenses to Commercial Paper, § 243; Mechanics' Bank v. Chardavoyne, 69 N. J. Law, 256, 55 Atl. 1080, 101 Am. St. Rep. 701, stating the law of New York as lex loci contractus.

Only one series of exceptions is argued in extenso. The general bookkeeper of the plaintiff, called by the plaintiff, testified that a book produced was the discount register of the bank, and that the entry therein as to the discount of this note was in his handwriting. Thereupon it was offered in evidence, and the witness testified that he had the note before him when he made the entry, and that it was made in the usual course of business and in the discharge of his duty. The objections were that the evidence was incompetent, irrelevant, and immaterial. The learned counsel for the appellant invokes the rule in the leading case of Vosburgh v. Thayer, 12 Johns. 461. But this does not apply to books of the character of that read in evidence. Burke v. Wolfe, 38 N. Y. Super. Ct. 263. See, too, Bank of Monroe v. Culver, 2 Hill, 531; Merrill v. Ithaca & Owego Railroad Co., 16 Wend. 586, 30 Am. Dec. 130; McGoldrick v. Traphagen, 88 N. Y., at page 338. The cases other than Vosburgh v. Thayer, supra, cited by the learned counsel do not apply. In Ocean Nat. Bank of N. Y. City v. Carll, 55 N. Y. 440, the entries were rejected because they could only be proved by the clerk making them, as it appeared he was alive and in the state. The inference is that the entries would have been admissible if proven by such clerk. In fact, on the new trial they were ruled upon as admissible upon proof of the death of the clerk. 9 Hun, 239. In White v. Ambler, 8 N. Y. 170, the court says:

"Nor were the original entries to the debit of the defendant proved by the clerks who made them, or to be in their handwriting; nor any attempt made to account for their absence."

And the court, moreover, cites the rule in Bank of Monroe v. Culver, 2 Hill, 535, which is contra to the appellant's contention in this case. Humphrey v. People, 18 Hun, 393, deals with the admissibility of the books as against an officer accused of crime. Burke v. Wolfe, 38 N. Y. Super. Ct. 263, cited at page 268, simply states the rule of Vosburgh v. Thayer, and is against the appellant in its discriminations (see page 271). Union Bank v. Knapp, 3 Pick. (Mass.) 97, 15 Am. Dec. 181, is not authority for the appellant (see 3 Pick. 104).

The judgment and order must be affirmed, with costs.

WOODWARD and MILLER, JJ., concur. HOOKER, J., dissents. HIRSCHBERG, P. J., not voting.