Jenks, J.:
The action is upon this promissory note:
“ $790 . New Yoke, Feby. 1st, 1904.
“ Five months after date <E promise to pay to the- order- of Theodore F. Lake Seven-Hundred and Ninety and no/100 Dollars at Mercantile Nat. Bank,- N. Y. City. Yalue received.
“No....... Due...... A. J..PEYTON.”
The note was discounted for the payee by the plaintiff on May 9, 1904. Each party moved for a direction of a verdict, and the plaintiff was- successful. Beyond dénial the defense was that the note was delivered to the payee in payment of a premium on a life' insurance policy solicited by Lake who was a life insurance agent, that Lake diverted the note, that the policy was canceled for nonpayment of the premium, that, -therefore, the note was not of valid inception, was without consideration, and that the plaintiff having knowledge of these circumstances was not a bona fide holder or a holder for valué. There is no proof that the plaintiff had any knowledge of these facts save that Lake at the time he sought discount said to the plaintiff that he had received the note for life insurance premium, as he had stated as to notes of other makers theretofore discounted for him. This information did not affect the status of the plaintiff as a bóna fide holder, and did not require further'inqui-ry by it. The note was to the agent personally, and such transactions are of common occurrence; Lawrence v. Griswold (30 Mich. 410), relied-upon by the learned counsel for the appellant, is not authority, for it was a controversy between- the maker and the payee, and the court expressly says, “ and this being a suit -between the original parties, the want or faihiré of consideration was a sufficient-defense;”
The plaintiff was a holder for value. True, the mere placing of the proceeds of the discount to the credit of Lake did not make.it. such a holder. (Citizens’ State Bank v. Cowles, 180 N. Y. 346.) But the proof is that on the day of discount the bank held a nóte of Lake due on that day, charged to Lake’s account, -and the *729 account was made good at that time by the application- of the proceeds from the discount of the note in suit. This transaction made the plaintiff a holder for value. (Neg. Inst. Law, § 51;* Joyce Def. Com. Paper, § 243; Mechanics' Bank v. Chardavoyne, 69 N. J. L. 256, stating the law of New York as lex loci contractus.)
Only one series of exceptions is argued in extenso. The general bookkeeper of the plaintiff, called by the plaintiff, testified that a book produced was the discount register of the bank and that the entry therein as to the discount of this note was in his handwriting. Thereupon it was offered in evidence and the witness testified that he had the note before him when he made the entry; that it was made in the usual course of business and in the discharge of his duty. The objections were that the evidence Was incompetent, irrelevant and immaterial. The learned counsel for the appellant invokes the rule in the leading case of Vosburgh v. Thayer (12 Johns. 461). But this does not apply to books of the character of that read in evidence. (Burke v. Wolfe, 38 N. Y. Super. Ct. 263. See, too, Bank of Monroe v. Culver, 2 Hill, 531; Merrill v. Ithaca & Owego Railroad Co., 16 Wend. 586; Matter of McGoldrick v. Traphagen, 88 N. Y. 338.) The cases other than Vosburgh v. Thayer (supra) cited by the learned counsel do not apply. In Ocean Nat. Bank of N. Y. City v. Carll (55 N. Y. 440) the entries were rejected because they could only be proved by the clerk making them, as it appeared he was alive and in the State. The inference is that the entries would have been admissible if proven by such clerk. . In fact on the new trial they were ruled upon as admissible upon proof of the death of the clerk (9 Hun, 239). In White v. Ambler (8 N. Y. 170) the court says, “ nor was† the original entries to the debit of the defendant proved by the clerks who made them, or to be in their handwriting; nor any attempt made to account' for their absence,” and the court moreover cites the rule in Bank of Monroe v. Culver (2 Hill, 535), which is contra to the appellant’s contention in this case. Humphrey v. People (18 Hun, 393) deals with the admissibility of the books as against an officer accused of crime. Burke v. Wolfe (38 N. Y. Super. Ct. 263, cited at p. 268) simply
*730 states the rule of Vosburgh v. Thayer, and is against the appellant in its discriminations. (See p. 271.) Union Bank v. Knapp (3. Pick. 97) is not authority for the appellant. (See p. 104.)
The judgment and order must be affirmed, with costs.
Woodward and Miller, JJ., concurred; Hooker, J., dissented; Hirschberg, P. J., not voting.
Judgment and order affirmed, with costs. '

 See Laws of 1897, chap. 612 § 51.--[Rep.

 Sic.