The GENEVA NATIONAL BANK, Plaintiff, *v.* RAYMOND J. Fox and JOE DE ROSA, Defendants.

(Supreme Court, Ontario County, November, 1921.)

Banks and banking — stopping payment of check — holder in due course may recover.

The holder of a check acquired in due course and for value is entitled to recover against the maker, even though the instrument was diverted through the fraudulent acts of the payee.

The day after one of the defendants had made his check for $250 to the order of the other defendant in payment of certain

Supreme Court, November, 1921.     [Vol. 117.

shares of stock to be delivered, the maker told the payee that he did not want to buy the stock. A few days later the payee presented the check to plaintiff, receiving $205 in cash, the balance being deposited to his account, bringing the same up to $80.23, and on the same day he withdrew $80. In the meantime, the maker had stopped payment of the check and on its presentment in the due course of business at the bank upon which it was drawn, payment was refused and the check went to protest. In an action on the check it appeared that plaintiff had no notice or knowledge of any infirmities in respect to the check at the time the payment was made thereon. *Held,* that plaintiff was entitled to recover the full amount of the check, with interest, less any amount paid thereon by the payee.

ACTION on a check tried before the court without a jury.

W. S. O'Brien, for plaintiff.

Myron D. Short, for defendant De Rosa; defendant Fox not appearing.

CUNNINGHAM, J. Action on a check for $250, dated February 25, 1921, made by the defendant De Rosa to the order of defendant Fox. De Rosa gave the check to Fox in payment for some shares of stock to be thereafter delivered to him and took a receipt therefor. De Rosa thereafter talked with some of his friends and came to the conclusion he did not want to purchase the stock as agreed. On the following Monday (February twenty-eighth) De Rosa and Fox met again and De Rosa said he did not want to buy the stock. Fox said he did not have the check as he had sent it in to the company. Thereupon De Rosa gave back to Fox the receipt he had received from him.

On March first defendant Fox presented the check to the Geneva National Bank, plaintiff herein, and received two hundred and five dollars in cash, the balance of forty-five dollars being deposited to his

account. At this time Fox had in the bank the sum of thirty-five dollars and twenty-three cents which, together with the forty-five dollars credited to him, made a total of eighty dollars and twenty-three cents. On the second day of March he withdrew eighty dollars, leaving a balance of twenty-three cents.

In the meantime defendant De Rosa had stopped payment of the check at the Canandaigua National Bank, on which it was drawn, and when it was presented for payment on March fourth in the usual course of business, payment was refused and the check protested. No part of the money has been paid except the sum of ten dollars paid thereon by defendant Fox. At the time plaintiff made payment on the check to defendant Fox it had no notice or knowledge of any infirmities in respect to it.

The plaintiff became the holder of the check for value. *Merchants National Bank* v. *Santa Maria Sugar Co.*, 162 App. Div. 248.

The plaintiff became the holder of the check in due course. Neg. Inst. Law, § 91; *Riverside Bank* v. *Woodhaven Junction Land Co.*, 34 App. Div. 359.

The defendant relies upon the case of *Linick* v. *Nutting*, 140 App. Div. 265. In that case it appears that a blank check which had been signed by the plaintiff was afterwards stolen, filled in and indorsed to an innocent person. The court held that the plaintiff was not liable on the check, relying upon section 34 of Negotiable Instruments Law which provides that " where an incomplete instrument has not been delivered it will not, if completed and negotiated, without authority, be a valid contract in the hands of any holder, * * *." Section 35 of the Negotiable Instruments Law provides that " * * * where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to

make them liable to him is conclusively presumed.'' The court in its opinion held, reading sections 34 and 35 together, that the conclusive presumption as to delivery stated in section 35 referred to complete instruments but not to incomplete instruments. As in this case the instrument was complete when delivered to defendant Fox the decision just quoted does not apply. Furthermore, it was held in the case cited above that if an instrument were put in circulation through the fault or negligence of the maker then he was liable. In this case it is conceded that the check was delivered by De Rosa to Fox, that subsequently De Rosa attempted to rescind the transaction and thereupon stopped payment upon the check.

It has been held by the Court of Appeals that the holder of a negotiable instrument, acquired in due course, is entitled to retain it against the owner from whom it has been stolen. *Hibbs* v. *Brown,* 190 N. Y. 167.

The plaintiff being a holder in due course is entitled to recover against maker even though the instrument was diverted through the fraudulent acts of the payee. *Wallabout Bank* v. *Peyton,* 123 App. Div. 727; *Eisenberg* v. *Lefkowitz,* 142 id. 569.

Judgment for the plaintiff for $240 with interest from March 4, 1921, together with costs.

Judgment for plaintiff.